**UNITED STATES of America**

v.

**Nhat Duc NGUYEN & Johney Pham, Defendants.**

**No. 94 Cr. 241.**

United States District Court, S.D. New York.

July 24, 1996.

United States Attorney, Southern District of New York (Allen D. Applbaum, of counsel), New York City, for the U.S.

Marc Bogatin, New York City, for Nhat Duc Nguyen.

Martin J. Siegel, New York City, for Johnny Pham.

## OPINION

STANTON, District Judge.

■ Parallel prosecutions in adjoining federal districts have combined to pose what I believe is a novel question: whether a sentencing judge may depart downward, over the objection of the local United States Attorney, on the basis of a "5K1.1 letter" (motion) in favor of the same defendant but written by a different prosecutor, in a different jurisdiction, but a similar case.

Although at first blush it seems odd, I think the answer is "Yes."

### 1.

In 1995, Nhat Duc Nguyen was convicted by a jury before me in the Southern District of New York, of offenses involving the kidnapping, transporting, and ransoming of illegal aliens.

After that conviction in this court, Nguyen faced trial on similar * charges in the District of New Jersey. However, before trial began there he entered into a cooperation agreement with the United States Attorney's Office for the District of New Jersey, and pleaded guilty. He cooperated with the New Jersey prosecutor, testified against his former co-defendants in the New Jersey federal trial, and obtained from the prosecuting Assistant United States Attorney a letter-motion addressed to the United States District Court for the District of New Jersey, detailing Nguyen's substantial assistance to that office and justifying a downward departure pursuant to section 5K1.1 of the United States Sentencing Guidelines ("the Guidelines").

No such motion was made for Nguyen in the case before me. After his conviction and while awaiting sentence Nguyen laid his change of heart before the Assistant in the Southern District of New York, but by then he had nothing left to contribute to the case here (which was over, after trial), and the prosecution here understandably declined to move for a downward departure in his sentence here. In fact, it opposes it.

Nevertheless, Nguyen argues that his substantial assistance in the New Jersey case, in which he has not yet been sentenced, and the "5K1.1 letter" he earned there gives me authority to depart downward in sentencing him, even over the opposition of the United States Attorney's office here. He points to a clause in the New Jersey 5K1.1 letter which provides that it may be brought to the attention of other prosecuting offices.

### 2.

My approach must be practical rather than formalistic, because the ruling determines the number of years the defendant must serve in prison.

Both courts will sentence Nguyen for substantially similar conduct (although on sepa-

---

* He also faced RICO conspiracy charges in New Jersey. Nonetheless, both prosecutions grew out of kidnapping and holding boatloads of illegal aliens for ransom, and in both jurisdictions the Guidelines sentencing ranges were 188–235 months.

rate occasions) and the sentencing range he faces is the same, under the Guidelines, in both courts: 188 to 235 months. The salient difference is that the 5K1.1 letter authorizes a significantly shorter sentence in New Jersey.

Thus it appears likely and appropriate that the New Jersey sentence will run concurrently with the sentence I impose, in light of the policy statement in section 5G1.3 of the Sentencing Guidelines. When the New Jersey federal court sentences Nguyen, he will be serving the sentence I impose, and thus the applicable subdivision will be 5G1.3(c), which provides:

"(Policy statement) In any other case, the sentence for the instant [New Jersey] offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior [New York] undischarged term of imprisonment to achieve a reasonable punishment for the instant [New Jersey] offense."

■ The critical point is that the New Jersey federal court cannot reduce the sentence I impose. If I impose a sentence within the 188–235 month Guideline range, disregarding the 5K1.1 motion as not being before me, the New Jersey court may impose a concurrent sentence, or add to my sentence if it is thought too low to reflect proper additional punishment for the New Jersey offenses, but it cannot reduce my sentence. The 5K1.1 motion in the New Jersey court will have become, in practical effect, a nullity: whatever its merits, Nguyen will have to serve a sentence in the 188–235 month range, just as though the letter-motion were never made. Surely no such outcome was ever contemplated when Nguyen was cooperating and testifying in the New Jersey trial.

The upshot is that if Nguyen is to receive any benefit whatever from his 5K1.1 letter for his cooperation in that proceeding, I must depart downward. That is required by the anomaly that the New Jersey court can increase Nguyen's total time in prison by imposing a sentence that runs wholly or partly consecutively to the sentence I impose, but it cannot reduce the sentence I impose. If I adhere to the Guidelines, Nguyen cannot get the downward departure from the 188–235 month range which the New Jersey motion provides him.

Under the circumstances, my conclusion is that I have authority to depart downward, in light of the 5K1.1 letter. If I did not, no court could impose a sentence that properly reflects Nguyen's substantial assistance in the New Jersey case.

### 3.

The United States Attorney's Office here argues that the Second Circuit Court of Appeals has held that a defendant is not entitled to a downward departure based on his assistance to authorities other than the particular district. It relies on *United States v. Kaye,* 65 F.3d 240 (2d Cir.1995), which held that Kaye's cooperation with state authorities did not provide a basis for a federal district court's downward departure in the absence of a 5K1.1 motion by the United States Attorney's Office. 65 F.3d at 242.

That case is different. The *Kaye* defendant substantially assisted a different sovereign, the state, and the federal government did not make a 5K1.1 motion. 65 F.3d at 241–42. Here, Nguyen substantially assisted a prosecutor in the federal government, and that same government (through a different lawyer) made a 5K1.1 motion. Though the motion was not addressed to this court, the New Jersey United States Attorney's plea agreement with Nguyen stated that "this Office will bring this agreement and Nhat Duc Nguyen's cooperation to the attention of other prosecuting offices, if requested by Nhat Duc Nguyen to do so."

■ Finally, the prosecutor here urges the principle that the United States Attorneys in the different districts should be supported in their independent exercises of discretion in these matters. That principle seems sound. I believe it is fostered, in the odd circumstances here, by my making it possible for the New Jersey 5K1.1 letter to be given some effect (which it otherwise could not here), and leaving it to the New Jersey judge to increase the total time Nguyen must serve if that is appropriate in order to punish adequately for both offenses.