**UNITED STATES of America**

**v.**

**Hal Eugene BOOHER.**

**Criminal Action No. 93–614 (NHP).**

United States District Court,
D. New Jersey.

May 13, 1997.

630

Suzanne C. Hayden, Assistant United States Attorney, Robert Bundy, United States Attorney, Fairbanks, AK, Marion Percell, Assistant United States Attorney, Faith S. Hochberg, United States Attorney, Newark, NJ, for Plaintiff.

Dominic F. Amorosa, New York City, for Defendant.

## OPINION

POLITAN, District Judge.

This matter comes before the Court on the motion of defendant Hal Eugene Booher for downward departures from the United States Sentencing Guidelines (hereinafter "the Guidelines"). *See* United States Sentencing Commission, *Guidelines Manual,* (Nov.1993). The Court heard oral argument on February 25, 1997. For the reasons stated herein, defendant's motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

In December of 1993, defendant was arrested and charged with one count of possession of 220 kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841. Subsequently, on April 28, 1994, defendant pled guilty before this Court to a one count Information. Defendant had entered into a plea agreement with the United States Attorney's Office for the District of New Jersey, whereby he was to provide information against other individuals.

Thereafter, the Government refused to move for a downward departure pursuant to § 5K1.1 of the Guidelines because defendant failed to provide substantial assistance, as required in the plea agreement. After considering the matter, on May 21, 1996, the Court found that defendant "neither asserted nor established the need for a hearing on the Government's refusal to make a section 5K1.1 motion as contemplated by the governing case law." *United States v. Booher,*

Crim No. 93–615(NHP) (D.N.J. May 21, 1996).

Defendant now moves for downward departures from the Guidelines based on his cooperation with the United States Attorney's Office for the District of Alaska, his minor role in the conspiracy, his age and health, overstatement of his culpability, and his incarceration in the Union County Jail.

## I. § 5K1.1

■ The first issue before the Court is one which has not been addressed by any court in this District or by the Third Circuit: Whether the Court has the authority to grant relief under § 5K1.1 based on a letter of an Assistant United States Attorney ("AUSA") in another district, when the AUSA in the sentencing district opposes the letter.[1] Here, the Court has already determined that defendant is not entitled to a § 5K1.1 letter for assistance provided to the United States Attorney's Office for the District of New Jersey. Defendant, therefore, argues that he is entitled to such relief based on his assistance regarding similar individuals to the United States Attorney's Office for the District of Alaska.[2] The Government asserts that the Alaska AUSA's letter does not provide the Court with jurisdiction to grant relief under § 5K1.1.

Section 5K1.1, which permits the sentencing court to downwardly depart from the Guidelines, provides, in pertinent part:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

USSG § 5K1.1. The comments to this section state that, "[a] defendant's assistance to authorities in the investigation of criminal activities has been recognized in practice and by statute as a mitigating sentencing factor." *Id.,* comment. (backg'd). The Guidelines, however, do not define "the government" nor is the reasoning behind the policy articulated. The introductory comments to the Guidelines specifically state that departures under Chapter Five, Part K "will remain unguided." USSG, Ch.1, Pt.A, intro. comment. (n.4(b)).

■ It is well established that the district court's jurisdiction to grant a downward departure based on § 5K1.1 is triggered by the government's motion. *Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992); *United States v. Paramo,* 998 F.2d 1212, 1218 (3d Cir.1993), *cert. denied,* 510 U.S. 1121, 114 S.Ct. 1076, 127 L.Ed.2d 393 (1994); *United States v. Higgins,* 967 F.2d 841, 845 (3d Cir.1992). The district court has the power

---

1. In *United States v. Love,* the Third Circuit was presented with facts similar to the case at bar, but did not resolve the issue under § 5K1.1 because the defendant did not appeal that aspect of the district court's order. 985 F.2d 732, 733–34 (3d Cir.1993). In *Love,* the defendant pled guilty in federal court and, simultaneously, assisted the county police in the prosecution of several criminal cases. *Id.* at 733. At sentencing, the defendant requested and the government refused to move for a downward departure under § 5K1.1 based on his assistance to the county authorities. *Id.* The District Court for the District of Western Pennsylvania found that, absent a motion by the government, it lacked independent authority to depart based on assistance to state authorities. *Id.* at 734. On appeal, the district court rejected the defendant's argument that the district court had authority under § 5K2.0 to depart based on his substantial assistance. *Id.* The Third Circuit affirmed, holding that a district court cannot depart under § 5K2.0 for a defendant's substantial assistance because such departures are specifically governed by § 5K1.1. *Id.* at 735.

2. Factually, this case is difficult because the letter from the AUSA from Alaska, is vague and not structured as a formal motion. First, the AUSA states that defendant cooperated by "testifying before the grand jury in the presentation of the first three indictments against *United States v. Plunk, et al.*" Letter of AUSA, United States Attorney's Office for the District of Alaska, to Judge Nicholas H. Politan (Nov. 8, 1996). However, the AUSA further states that defendant later "recanted certain aspects of his knowledge of the source of drug monies, counseled other witnesses to 'make up anything' to tell the prosecutor in order to qualify for a 5K1.1 ... omitted certain salient facts ... [and] authored documents which created such credibility issues and fertile impeachment grounds that his testimony was rendered useless." *Id.* Even in light of defendant's frustrating efforts, the AUSA suggests that "he should be entitled to some consideration for his initial assistance." *Id.*

to review the government's refusal to make such a motion for an unconstitutional motive or an egregious refusal despite overwhelming evidence of substantial assistance. *Wade,* 504 U.S. at 185–86, 112 S.Ct. at 1843–44; *Paramo,* 998 F.2d at 1218. Therefore, the Court does not have the authority to grant a § 5K1.1 departure unless the government makes the requisite motion.

The Government in this case, the United States Attorney's Office for the District of New Jersey, has already refused to make the motion based on the lack of assistance provided to it by defendant. This Court has also determined that defendant is not entitled to a hearing on that refusal. The question, therefore, remains whether the United States Attorney's Office for the District of New Jersey must bring a § 5K1.1 motion on defendant's behalf based on his assistance to the United States Attorney's Office for the District of Alaska.

■■■ Section 5K1.1 has been interpreted as permitting a downward departure based on a defendant's assistance to any government authority, including state and local authorities. *United States v. Love,* 985 F.2d 732, 734–35 (3d Cir.1993) (citations omitted); *see also United States v. Emery,* 34 F.3d 911, 913 (9th Cir.1994); *United States v. Kaye,* 65 F.3d 240, 242 (2d Cir.1995). These cases, however, have acknowledged that the court's authority to depart is contingent upon the government's motion. Therefore, as with § 5K1.1 motions based on assistance to the prosecuting authority, the Court may only review the government's refusal to bring a § 5K1.1 motion based on assistance to other governmental authorities for unconstitutional motives or egregious instances of bad faith. *See Wade,* 504 U.S. at 185–86, 112 S.Ct. at 1843–44. A defendant must make a "substantial threshold showing" of such a motive before the Court will review the government's refusal. *Id.; Love,* 985 F.2d at 735 n. 6. Evidence of substantial assistance, in and of itself, is not enough to entitle a defendant to a downward departure. *United States v. Juliano,* 947 F.Supp. 777, 786 (D.N.J.1996) (citations omitted).

■■■ In the instant case, defendant has failed to make a requisite showing which entitles this Court to review the New Jersey AUSA's refusal to bring a motion based on his assistance in Alaska. Defendant does not allege that the New Jersey AUSA's refusal is based on an unconstitutional motive, *e.g.,* race or religion, or is overwhelmingly egregious. Accordingly, the Court will not review the decision of the New Jersey AUSA not to move under § 5K1.1 for a downward departure based on defendant's assistance in Alaska.

Defendant argues that the Court has discretion to accept a downward departure motion directly from an AUSA from another district and cites a case from the Southern District of New York. *See United States v. Nguyen,* 932 F.Supp. 98 (S.D.N.Y.1996). The Court finds this case unhelpful in resolving the issue because of the factual disparities. In *Nguyen,* the defendant was facing parallel prosecutions in the districts of New Jersey and New York. *Id.* at 99. The defendant was convicted in New York and, subsequently, pled guilty in New Jersey. *Id.* Because of his cooperation in New Jersey, the AUSA in New Jersey moved for a downward departure under § 5K1.1. *Id.* No similar cooperation or motion was made in New York. *Id.* The defendant, who was being sentenced in New York first, requested that the New York AUSA move for a downward departure based on the § 5K1.1 letter from New Jersey. *Id.* Despite the New York AUSA's refusal to move under § 5K1.1, the New York federal court chose to downwardly depart based on the New Jersey § 5K1.1 letter because failure to do so would render the motion in New Jersey a nullity. *Id.* at 100. The court recognized that it was taking a "practical rather than formalistic" approach to the issue. *Id.* at 99. The court based its decision on the fact that because the New Jersey federal court could not reduce the New York federal court's sentence, and the fact that the sentences would most likely run concurrently, the defendant would not benefit from his cooperation in New Jersey unless the New York court recognized the § 5K1.1 letter. *Id.* at 100.

The case *sub judice* is factually distinguishable from *Nguyen.* First, defendant did not face parallel prosecutions; defendant

was not charged with any crime in Alaska. Therefore, defendant is not subject to conflicting sentences in two jurisdictions. Second, because defendant is not facing criminal charges in Alaska, there is no § 5K1.1 motion which would be rendered null and void by this Court's failure to acknowledge it. The district court, in *Nguyen,* explicitly stated that its decision was fashioned for the practical purpose of taking into account the unique facts of the case. *Id.* at 99–100. Hence, this Court finds the decision of the Southern District of New York to be inapposite.

Furthermore, the Court does not find its holding, which requires the motion to be brought by the AUSA in the sentencing district and permits the Court to review a refusal to do so, to be contrary to the Southern District of New York's decision in *Nguyen.* *See* 932 F.Supp. 98. The *Nguyen* court employed a practical approach to avoid an anomaly which could potentially harm the defendant. *Id.* at 100. In fact, the *Nguyen* court recognized that if it adhered to the Guidelines, the defendant could not get the downward departure which the New Jersey motion provided him. *Id.* Accordingly, the Court finds that it is without the jurisdiction to entertain a § 5K1.1 motion submitted by the United States Attorney's Office for the District of Alaska.

## II. § 3B1.2(b)

■ Defendant moves for a two point downward departure based on his minor role in the conspiracy. Defendant argues that because he was merely a courier of the drugs, and not responsible for obtaining or distributing the drugs, he is entitled to a downward departure.

Section 3B1.2(b) states:

Based on the defendant's role in the offense, decrease the offense level as follows:

&ast; &ast; &ast; &ast; &ast; &ast;

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

USSG § 3B1.2(b). The commentary to the section defines minor role as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." *Id.,* comment. (n.2). The Third Circuit has held that there are two prerequisites to the invocation of § 3B1.2: "[1] multiple participants and [2] some differentiation in their relative culpabilities." *United States v. Katora,* 981 F.2d 1398, 1405 (3d Cir.1992).

Furthermore, the Third Circuit has recognized that being a courier, in and of itself, does not qualify a defendant for a downward departure under this section. *United States v. Carr,* 25 F.3d 1194, 1208 (3d Cir.1994), *cert. denied,* 513 U.S. 1086, 115 S.Ct. 742, 130 L.Ed.2d 643 (1995). Rather, the court must consider "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.* (citing *United States v. Headley,* 923 F.2d 1079, 1084 (3d Cir.1991)) (other quotation omitted).

The Court finds that a downward departure is not warranted in this case. While defendant was part of a large organization which transported drugs from California to Texas on behalf of a Columbian cartel, there is no evidence that his part in that crime was minimal. Defendant used a code name, transported 200 kilograms of cocaine in his Winnebago recreational vehicle, and telephoned persons to retrieve the drugs. Defendant has failed to illustrate how his involvement in the crime was relatively less than that of other individuals. Conversely, defendant's transportation of the drugs was a vital part of the larger enterprise.

## III. §§ 5H1.1, 5H1.4

■ Defendant also moves for a two point downward departure based on his advanced age and failing health. Defendant is currently sixty-four years old and suffers from coronary heart disease. The Government opposes defendant's motion because his medical condition is not "extraordinary."

Section 5H1.1 states that age, while not ordinarily relevant, "may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such

**634**

as home confinement might be equally efficient as and less costly than incarceration." USSG § 5H1.1. In addition, section 5H1.4 states, in pertinent part:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an *extraordinary physical impairment* may be a reason to impose a sentence below the applicable guideline range; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

USSG § 5H1.4 (emphasis added).

The Court finds that defendant's physical condition and age do not qualify for a downward departure under this section. *See United States v. McKinney*, 53 F.3d 664, 677–78 (5th Cir.) (holding that district court's denial of downward departure based on fifty-two year old defendant's heart problems and high blood pressure was warranted) (citations omitted), *cert. denied*, 513 U.S. 896, 116 S.Ct. 261, 133 L.Ed.2d 184 (1995); *United States v. Altman*, 107 F.3d 4, No. 96–1298, 1996 WL 739239 (2d Cir. Dec.27, 1996) (affirming district court's refusal to downwardly depart based on sixty-four year old defendant's serious heart problems); *United States v. LeBlanc*, 24 F.3d 340, 348–49 (1st Cir.) (stating that defendant, who suffered two heart attacks, was not entitled to a downward departure because heart problems could be treated with medication), *cert. denied*, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994). Many elderly defendants will suffer from heart problems, and not all of them should benefit from a downward departure. Recognizing such a general exception would carve a hole in the Guidelines which the Commission never intended. The Guidelines specifically state that the medical condition must be "an extraordinary physical impairment." USSG § 5H1.4. Because the Court finds that defendant does not suffer from such an ailment, defendant's motion for a downward departure is denied.

## IV. § 2D1.1

▮ Defendant moves for a two point downward departure pursuant to § 2D1.1, also known as the safety valve provision. Section 2D1.1(b)(4) provides:

> If the defendant meets the criteria set forth in subdivision (1)-(5) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and the offense level determined above is level 26, or greater, decrease by 2 levels.

USSG § 2D1.1(b)(4) (Nov.1995).[3] Section 5C1.2, referenced above, states:

> In the case of an offense under 21 U.S.C. § 841..., the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-
>
> (5) set forth verbatim below:
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of

---

**3.** While the 1993 Guidelines are applicable to this case because of the date defendant committed the crime, § 2D1.1(b)(4), which was added to the Guidelines in 1995, is applied retroactively to defendants who are sentenced after September 23, 1994. *See 18 U.S.C. § 3553(f).*

the information shall not preclude a determination by the court that the defendant has complied with this requirement. USSG § 5C1.2 (Nov.1995).

The parties agree, and the Court finds, that defendant meets the first four criteria under § 5C1.2. The Government disputes, however, defendant's contention that he truthfully provided all the information he possessed. *See* USSG § 5C1.2(5).

This Court has previously concluded that defendant is not entitled to a § 5K1.1 letter from the Government for his cooperation. However, that fact should not preclude the Court from finding defendant qualified for a downward departure under the safety valve provision. The safety valve provision was intended to reach something other than cooperation by the defendant. Logically, the safety valve provision requires that the defendant "reasonably" disclosed information, even though his cooperation did not rise to the level required under § 5K1.1. *See United States v. Shrestha,* 86 F.3d 935, 939–40 (9th Cir.1996) (affirming downward departure under § 5C1.2 because defendant's subsequent "recantation [did] not diminish the information he earlier provided").

Here, the Government acknowledges that defendant initially disgorged all relevant information. The Government does not allege that defendant failed to disclose information, but questions the usefulness of the information and his subsequent diverse stories. The

Court, therefore, finds that defendant has satisfied the five elements set forth in § 5C1.2, and will grant defendant's motion for a two point downward departure.[4]

## V. § 5K2.0

■ Finally, defendant moves for a three point downward departure, pursuant to § 5K2.0,[5] based on the fact he has been housed in the Union County Jail for over three years. Defendant's motion is based on the unpublished opinion of a court in this District. *See United States v. Navarro,* Crim. No. 93–588(JCL) (D.N.J. Nov. 18, 1996).

In *Navarro,* Judge John C. Lifland downwardly departed by three points due to the deplorable conditions of the Union County Jail as identified in the Report of the U.S. Department of Justice ("DOJ"), National Institute of Corrections. *Navarro, supra,* slip op. at 1. The court found that the defendants thirty-two month stay in the jail was delayed by no fault of their own. *Id.* at 3. The court recognized that not any period of incarceration would support such a departure. *Id.* Subsequently, other courts in this District have declined to follow Judge Lifland's rationale. *See United States v. Okpara,* Crim. No. 93–431(DRD) (D.N.J. Jan. 13, 1997); *United States v. Chestnut,* Crim. No. 95–201(WGB) (D.N.J. Nov. 26, 1996).[6] To date, the Third Circuit has not ruled on this issue.

---

4. In the alternative, defendant moves for a downward departure based on Application Note 16 (currently Application Note 14) to § 2D1.1. *See* USSG § 2D1.1, comment. (n.14). This Note permits the Court to downwardly depart if the following conditions are satisfied: "(A) the amount of the controlled substance for which the defendant is accountable under § 1B1.3 (Relevant Conduct) results in a base offense level greater than 36, (B) the court finds that this offense level overrepresents the defendant's culpability in the criminal activity, and (C) the defendant qualifies for a mitigating role adjustment under § 3B1.2 (Mitigating Role)...." *Id.*

Here, defendant fails to qualify for a downward departure under this section. First, because the Court has granted defendant's motion for a downward departure under § 2D1.1, defendant's base offense level is no longer greater than 36. Second, because the Court has determined that defendant does not qualify for a downward departure for his minor role in the offense under

§ 3B1.2, defendant cannot satisfy the requisite elements under Application Note 16.

5. Section 5K2.0 permits the sentencing court to "impose a sentence outside the range established by the applicable guidelines, if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" USSG § 5K2.0.

6. Just prior to Judge Lifland's opinion, Judge Mary Little Parell declined to grant a defendant's motion based on the conditions at the Union County Jail. *See United States v. Gi Hun Jen,* Crim. No. 93–289(MLP) (D.N.J. Sept. 23, 1996). Judge Lifland noted, however, that Judge Parell was not in receipt of the DOJ's Report at the time of her decision. *Navarro, supra,* slip op. at 4.

In support of the Court's authority to downwardly depart, defendant argues that the United States Supreme Court's decision in *Koon v. United States* altered existing law by giving sentencing courts more discretion to depart from the Guidelines in unusual cases. *See* —— U.S. ——, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The *Koon* court did not change any law, but the Third Circuit has recognized that the Supreme Court clarified or "shed new light" on a sentencing court's proper evaluation of departure factors. *United States v. Romualdi,* 101 F.3d 971, 976 (3d Cir.1996); *United States v. Haut,* 107 F.3d 213, 218 (3d Cir.1997). As the Court in *Koon* noted, the Guidelines list "encouraged" and "discouraged" factors which the sentencing court may consider in determining whether a departure is warranted. *Koon,* —— U.S. at ——, 116 *S.* Ct. at 2045. While the Guidelines do not prohibit the court from departing based on discouraged factors, the Supreme Court has directed that such factors "should be relied upon only 'in exceptional cases.'" *Id.* (citation omitted). As to factors not mentioned in the Guidelines, the sentencing court must consider "whether it is sufficient to take the case out of the Guideline's heartland." *Id.* The *Koon* Court cautioned that these departures will be "'highly infrequent.'" *Id.*

In the present case, defendant urges the Court to depart from the Guidelines based on a factor unmentioned by the Commission, *i.e.,* deplorable conditions of the Union County Jail. The Court finds that defendant is not entitled to a three point downward departure under § 5K2.0. First, the facts of the instant case are dissimilar to those faced by Judge Lifland in *Navarro.* Here, the length of defendant's stay in the Union County Jail was largely of his own making. Defendant was attempting to cooperate with the Government to reduce his sentence. Defendant concedes that neither the Government nor the Court contributed to his extensive stay at the jail. Defendant further delayed the sentencing by making numerous motions for further relief. In addition, defendant has spent the majority of his stay at the jail in the infirmary, which conditions defendant concedes are much better than that of the general population.

Moreover, relief from conditions of confinement which defendant feels are inadequate are more properly challenged through civil proceedings, *e.g.,* habeas corpus, 42 U.S.C. § 1983. These alleged conditions are unconnected to defendant's commission of the crime and should not impact his sentence for that crime. Additionally, the Court does not wish to set a precedent whereby defendants are encouraged to delay their sentencing dates in order to receive a decrease in their ultimate sentence.

## CONCLUSION

For the foregoing reasons, defendant's motion for downward departures under USSG §§ 5K1.1, 3B1.2(b), 5H1.1, 5H1.4, Application Note 16 to 2D1.1, and 5K2.0 are hereby **DENIED,** and defendant's motion for a downward departure under USSG § 2D1.1 is hereby **GRANTED,** and the Court will downwardly depart by two points.

An appropriate Order accompanies this Opinion.

## *ORDER*

**This Matter** having come before the Court on defendant's motion for downward departures from the United States Sentencing Guidelines ("USSG"), and the Court having heard oral argument on February 25, 1997, and having considered the matter and the submissions of the parties, and for the reasons more fully explained in the accompanying Letter Opinion, and for good cause having been shown,

IT IS on this 13th day of May, 1997,

**ORDERED** that defendant's motion for downward departures pursuant to USSG §§ 5K1.1, 3B1.2(b), 5H1.1, 5H1.4, Application Note 14 of 2D1.1, and 5K2.0 is **DENIED,** and it is further

**ORDERED** that defendant's motion for a downward departure pursuant to USSG § 2D1.1 is **GRANTED,** and therefore the Court will apply a two-level departure.