**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Walter M. HUMPHREY, Defendant–
Appellant.**

**No. 99–1624.**

United States Court of Appeals,
Seventh Circuit.

Argued March 7, 2001.

Decided March 20, 2001.

Before DIANE P. WOOD, EVANS, and
WILLIAMS, Circuit Judges.

## ORDER

In April 1998 Walter M. Humphrey pleaded guilty to one count of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1). Because the government did not move for a substantial-assistance departure in this prosecution, the district court determined it lacked the authority to depart downward under United States Sentencing Guideline § 5K1.1 and sentenced Humphrey to 212 months' imprisonment, ten years' supervised release, and a $1000 fine. On appeal Humphrey argues that the district court erred in failing to award him a substantial-assistance departure based on a § 5K1.1 motion filed by a different United States Attorney's Office during a previous prosecution in a different federal district, in failing to conduct an evidentiary hearing to explore the government's "bad faith" in not moving for a downward departure, and in concluding it lacked the authority to depart downward under § 5K1.1 without a motion from the government. We affirm.

In October 1996 a grand jury in the Southern District of Illinois indicted Humphrey and several co-conspirators for their participation in a large-scale cocaine conspiracy. According to the indictment, this conspiracy stretched across most of the country with its main activities headquartered in East St. Louis, Illinois, and Houston, Texas. Humphrey originally pleaded not guilty to the charges in Illinois and was detained prior to trial. In December 1996 a grand jury in the Southern District of Texas indicted Humphrey on similar charges, and he pleaded guilty to the charges in Texas in July 1997. As a condition of his Texas plea agreement, Humphrey agreed to cooperate with the government, and in exchange the Assistant United States Attorney (AUSA) in Texas "reserved the right to file a motion for downward departure pursuant to U.S.S.G.

§ 5K1.1 if the government determines in its sole discretion that the defendant has provided substantial assistance." When Humphrey was sentenced in Texas in November 1998, the judge accepted the Texas AUSA's motion for a downward departure and sentenced Humphrey to a total of 160 months' imprisonment. Afterward Humphrey was returned to Illinois, but negotiations for his cooperation in the Illinois investigation reached an impasse, and Humphrey ultimately pleaded guilty to a superseding indictment without the benefit of a plea agreement.

The deteriorating relationship between Humphrey and the Illinois AUSA forms the basis of this appeal. Humphrey alleges that after his Texas sentencing he met with the Illinois AUSA to discuss the possibility of cooperating with the government on his Illinois case. According to Humphrey, the Illinois AUSA promised at this meeting to move for a § 5K1.1 departure if Humphrey provided complete information about the unsolved murder of an East St. Louis drug dealer-turned-informant. Humphrey also alleges that he later took a polygraph conducted by a government examiner to determine whether he had provided complete information regarding the murder in East St. Louis. He alleges that the government examiner tried badgering him into falsely implicating himself in the murder and refusing to allow him to speak with his attorney when he would not confess. After the meeting and the polygraph, Humphrey's counsel wrote four letters to the Illinois AUSA setting forth counsel's view about Humphrey's "cooperation" and arguing that the prosecutor should file a § 5K1.1 motion for a downward departure. The Illinois AUSA responded by letter, stating that, because Humphrey remained the prime murder suspect and the government believed he was lying about his professed lack of involvement, the government would not be

moving for a § 5K1.1 departure. Humphrey's counsel then filed his own § 5K1.1 motion and attached 126 pages of exhibits, including the series of letters written by counsel to the Illinois AUSA and transcripts of Humphrey's telephone conversations recorded by the government during the investigation of the conspiracy.

At Humphrey's Illinois sentencing, the AUSA again stated that he did not believe Humphrey's purported assistance warranted filing a § 5K1.1 motion, and that no plea agreement had been entered into compelling him to do so. The district court concluded that without a government motion it could not depart downward under § 5K1.1 on its own, nor could it compel the government to file such a motion. As a result, the district court sentenced Humphrey to a total of 212 months' imprisonment to run concurrently with the previously imposed sentence from the Texas district court.

■ Humphrey first argues that when the Illinois AUSA declined to move for a substantial-assistance departure, the district court should have deemed the § 5K1.1 motion made previously by the Texas AUSA as sufficient to trigger the court's authority to depart downward. He relies on a similar case in which a district court used the § 5K1.1 motion of a prosecutor in one district to bind a prosecutor in another district. *See United States v. Nguyen*, 932 F.Supp. 98 (S.D.N.Y.1996). Humphrey cites no binding authority, however, for his contention that the Texas AUSA's motion could be utilized in the absence of a motion from the Illinois AUSA. Moreover, Humphrey's plea agreement from the Southern District of Texas explicitly states, "[t]his plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney," and we will

uphold an unambiguous plea agreement provision that prevents terms of the plea agreement from binding AUSAs in other districts, *see United States v. Doe*, 940 F.2d 199, 203–205 (7th Cir.1991); *see also United States v. Ingram*, 979 F.2d 1179, 1185 (7th Cir.1992). Therefore, by agreeing to the terms of the Texas plea agreement, Humphrey himself foreclosed the possibility of substituting the Texas § 5K1.1 motion when the Illinois AUSA declined to file such a motion.

■ In the alternative Humphrey contends that the Illinois AUSA's decision not to move for a substantial-assistance downward departure was motivated by "bad faith," and that the district court erred in failing to conduct an evidentiary hearing on this issue. A prosecutor's refusal to file a § 5K1.1 motion is generally not reviewable for "bad faith." *See United States v. Lezine*, 166 F.3d 895, 900–01 (7th Cir.1999); *United States v. Burrell*, 963 F.2d 976, 984–85 (7th Cir.1992). In the absence of a plea agreement term dealing with departures–and there was no plea agreement between Humphrey and the Illinois AUSA–prosecutors have "broad discretion to withhold a § 5K1.1 motion," *see Lezine*, 166 F.3d at 900, and the decision not to depart may be reviewed only if the defendant makes a threshold showing of an unconstitutional motive on the part of the prosecutor, *see United States v. Kelly*, 14 F.3d 1169, 1177–78 (7th Cir.1994). Humphrey makes no allegation, however, that the Illinois AUSA's motivation in not filing a substantial-assistance departure motion was based on an unconstitutional factor, such as race or religion, *see Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), and general allegations of an improper motive do not warrant an evidentiary hearing on this issue, *see id.* at 186, 112 S.Ct. 1840.

■ Even if we examine Humphrey's more general contention that the Illinois AUSA's refusal to move for a downward departure lacked a rational and legitimate purpose, this argument also fails because the record demonstrates that the Illinois AUSA did indeed have a legitimate governmental objective in refusing to move for a departure. The Illinois AUSA stated that he deemed Humphrey's assistance insufficient to warrant a motion for departure, and we have previously noted that the government has a rational basis for refusing to file a substantial-assistance motion where it feels the assistance provided by the defendant was not "substantial." *See United States v. Santoyo*, 146 F.3d 519, 524 (7th Cir.1998); *see also* U.S.S.G. § 5K1.1, comment. (n.3) (1998) (giving substantial weight to prosecutor's evaluation of extent of assistance). All Humphrey presents is his disagreement with the government's conclusion, not an assertion that the Illinois AUSA misrepresented his true assessment of Humphrey's "cooperation" in Illinois. Absent a threshold showing of an illegitimate motivation by the government in choosing not to file a § 5K1.1 motion, the district court did not err when it declined to hold an evidentiary hearing on the issue of the government's "bad faith."

Finally, Humphrey argues that, even in the absence of a government motion, the district court still could have departed on its own authority. In this respect we note our concern with the district court's sentence of 212 months' imprisonment in light of Humphrey's significantly lower sentence–160 months–in Texas. We are especially troubled because in imposing such disparate sentences, both district courts considered the same pre-sentence investigation report and the same conduct. We fail to see how the wide disparity in the length of the sentences can be justified. Nonetheless, because the district court correctly concluded that Humphrey is unable to "transfer" the Texas AUSA's motion to his Illinois sentencing and a district court may not depart under § 5K1.1 without a government motion, *see Santoyo*, 146 F.3d at 523 (citing cases), the district court did not err when it determined that it lacked authority to grant Humphrey a downward departure under § 5K1.1 without a government motion.

AFFIRMED.