UNITED STATES of America, Appellee,

v.

Keith Lamonte HILL, a/k/a Keith Lamont Hill, a/k/a Michael Lane Robinson, Appellant.

No. 89-2833.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1990.

Decided Aug. 13, 1990.

Rehearing Denied Sept. 27, 1990.

Richard Douglas McClain, Lincoln, Neb., for appellant.

Alan L. Everett, Lincoln, Neb., for appellee.

Before BEAM, Circuit Judge, ROSS, Senior Circuit Judge, and RENNER,* District Judge.

PER CURIAM.

Keith Lamonte Hill appeals from the district court's [1] order sentencing him to 84 months imprisonment following his plea of guilty to interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. Hill argues that the district court erred in allowing the prosecutor to argue for an enhanced sentence, and in calculating his offense level under the Sentencing Guidelines. Specifically, Hill challenges the dis-

* The HONORABLE ROBERT G. RENNER, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

trict court's determination to upwardly depart from the guideline range, its valuation of the stolen items, and its failure to give credit for acceptance of responsibility and assistance to authorities. We affirm.

■ Initially, we note that the district court properly allowed the prosecutor to urge an enhanced sentence where, as a part of Hill's plea agreement, there was "no agreement or stipulation regarding sentencing."

In *United States v. Lang*, 898 F.2d 1378, 1379–80 (8th Cir.1990), the Eighth Circuit adopted the three-part standard for reviewing departures set out in *United States v. Diaz–Villafane*, 874 F.2d 43, 49–50 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989). The first step is to review the circumstances relied upon by the district court in determining whether the case is sufficiently unusual to warrant departure. This review is plenary. The second step is to determine whether the circumstances actually exist in the particular case; the district court's findings are reviewed for clear error. Finally, the degree of departure is reviewed for reasonableness.

■ According to the Presentence Investigation Report (PSI), Hill's criminal history category was VI, the highest level. Paragraph 91 of the PSI states that Hill's criminal history category would have been IX or X if the Sentencing Guidelines were extended. The criminal history section covers 12 pages and states that an upward departure may be warranted based on Hill's criminal history. Hill contends that he had no notice of the court's intention to upwardly depart from the guideline range of 41–51 months. Notice of a possible departure, however, was clearly given in the PSI and Hill had adequate opportunity to review it. In its reasons for the sentence under 18 U.S.C. § 3553, the court recited:

> For long history of repeated crimes of a similar nature; for lack of prospect, by declaration or otherwise, of his ceasing his criminal activity when he is not in prison; for inadequacy of the Sentencing Guidelines to mirror the severity of his criminal history; aggravating circumstances not adequately taken into consideration by the Sentencing Commission including the following:
>
> 1. Inadequacy of defendant's criminal history.
> 2. Other criminal conduct:
>    A. Less than one week before instant offense, defendant committed similar burglaries in department stores in Kansas City, MO, and Madison Township, IN. The combined theft loss was valued at over $132,000.;
>    B. Defendant has used at least five alias names and four Social Security numbers in furtherance of his criminal activity;
>    C. Defendant is known to impersonate law enforcement officials.
> 3. Defendant was paroled from the Indiana Department of Corrections on March 17, 1989. He committed the instant offense 18 days later, on a Tuesday night, which is his typical modus operandi.
> 4. Defendant has a history of burglaries from department stores for past 15 years.
> 5. Defendant acknowledges he lives off crime. He has worked a total of one year during his lifetime.

We believe that the court did not abuse its discretion departing from the guideline range based on Hill's extensive criminal history.

■ Under the Sentencing Reform Act, findings of fact by a district court are reviewed under the clearly erroneous standard. *United States v. Yellow Earrings*, 891 F.2d 650, 652 (8th Cir.1989). The PSI calculated Hill's offense level at 15 based on the value of the stolen jewelry as between $200,001 and $500,000. The court determined the amount of the loss was $500,000. Hill believed the value of the loss was between $108,776 and $226,000; the government urged a figure of $600,000 for the 339 pieces of jewelry that were taken. We hold that the court's valuation conforms to the loss definition in Comment 2 of section 2B1.1, and is not clearly erroneous.

The district court's determination that Hill had not accepted responsibility is entitled to great deference and should not be disturbed on appeal unless it is without foundation. *United States v. Smitherman*, 889 F.2d 189, 192 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990). Hill sought a 2–point reduction from his offense level for acceptance of responsibility pursuant to section 3E1.1. The court pointed out, however, that Hill did not express sorrow or state that he wished he had not committed the crime. We believe the court properly denied a downward adjustment for acceptance of responsibility.

Finally, Hill argues he was entitled to a 1–point reduction for substantial assistance to authorities. Hill cooperated with officials in Ohio where he had transported the stolen merchandise. Neither Hill nor the government, however, requested a downward adjustment for assistance to authorities. The requirement of a motion by the government before departure under Guidelines § 5K1.1 is constitutional. *United States v. Grant*, 886 F.2d 1513 (8th Cir.1989). The government additionally asserts that because Hill received a substantial benefit from his plea agreement, *i.e.*, no state prosecution in Nebraska or federal prosecution in Ohio, he is not entitled to a sentence reduction. We agree. *See United States v. Sutherland*, 890 F.2d 1042, 1043 (8th Cir.1989) (per curiam) (no reduction needed if defendant already received benefit of cooperation through plea agreement).

Accordingly, Hill's sentence is affirmed.