**UNITED STATES of America,**

v.

**George W. LOVE, Appellant.**

**No. 92–3377.**

United States Court of Appeals, Third Circuit.

Argued Jan. 19, 1993.
Decided Feb. 12, 1993.

---

Thomas W. Corbett, Jr., U.S. Atty., Paul J. Brysh (Argued), Asst. U.S. Atty., Pittsburgh, PA, for appellee.

Stephen F. Capone (Argued), Capone & Associates, Pittsburgh, PA, for appellant.

Before: BECKER, ALITO and GARTH, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

Under § 5K1.1 of the Sentencing Guidelines, district courts may grant a downward departure "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." U.S.S.G. § 5K1.1. This appeal from the judgment of the district court presents the question whether § 5K1.1 applies to assistance to *any* governmental authorities, including state and local authorities, or only to federal authorities. We agree with the conclusion of the district court that § 5K1.1 applies to assistance to any governmental authorities, hence we affirm.

### I.

Love pled guilty to two counts of interstate transportation of stolen motor vehicles, in violation of 18 U.S.C. §§ 2312 & 2. He was sentenced by the district court to 24 months in prison, the low end of the applicable Guidelines sentencing range.[1]

Before the sentencing hearing, Love submitted the affidavit of an Allegheny County police officer describing Love's assistance to state authorities for the preceding two and one-half years in the investigation and prosecution of a large number of criminal cases. At sentencing, Love requested a downward departure from his Guidelines range based on his assistance to state authorities, but the federal prosecutor declined to file a substantial assistance motion pursuant to § 5K1.1 of the Guidelines.[2] The government expressed the view that a

---

**1.** After assigning Love a base offense level of 4, *see* U.S.S.G. § 2B1.2, the district court added five levels based on the value of the stolen cars, *see* U.S.S.G. §§ 2B1.2(b)(1) & 2B1.1(b)(1)(G); added four levels because Love had been in the business of receiving and selling stolen cars, *see* U.S.S.G. § 2B1.2(b)(4)(A); added two levels for an aggravating role in the offense, *see* U.S.S.G. § 3B1.1(c); and subtracted two levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), to arrive at an offense level of 13. Love's criminal history points put him in criminal history category IV. The Guidelines sentencing range for a defendant in criminal history category IV

with an offense level of 13 is 24–30 months. *See* U.S.S.G. § 5A (Sentencing Table).

**2.** Section 5K1.1 of the Guidelines provides, in relevant part:

§ 5K1.1 *Substantial Assistance to Authorities* (Policy Statement)
Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

downward departure would be inappropriate since Love's cooperation with state authorities occurred during the same time period as his offense in this case. The government also told the court that the government had no independent knowledge of Love's cooperation with state authorities other than from reading the affidavit.

[1] Although the district court found "unrefuted evidence of record that the defendant had provided substantial assistance to the Commonwealth of Pennsylvania" in the investigation and prosecution of others who had committed criminal offenses, the court denied Love's request for a downward departure because the government had not filed a substantial assistance motion, as required by § 5K1.1, and because the court believed it lacked independent authority to depart downward based on evidence of substantial assistance to state authorities. However, the court delayed the date on which Love would begin serving his sentence until the court of appeals had reviewed this "issue of significant policy impact." [3]

## II.

Love argues that, in spite of the absence of a government motion, the district court had authority to depart downward under the general departure provision of Guidelines § 5K2.0 because Love's assistance to state authorities is a "mitigating circumstance of a kind, or to a degree, not otherwise taken into consideration by the Sentencing Commission in formulating the Guidelines." U.S.S.G. § 5K2.0.[4] Love also argues that the circumstances in this case make it an "atypical case" in which the

district court may independently depart from the Guidelines under § 5K2.0 even though the reason for departure is taken into consideration in the Guidelines because "in light of unusual circumstances, the guideline level attached to that factor is inadequate." U.S.S.G. § 5K2.0. *See also* U.S.S.G. Ch. 1, Pt. A, intro. 4(b) ("When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted.").

The government responds that it is clear from the plain language of § 5K1.1 that the provision applies to assistance to all governmental authorities, federal, state and local. Because assistance to state authorities is a factor specifically taken into consideration in Guidelines § 5K1.1, such assistance, the government contends, cannot be a basis for a § 5K2.0 departure. The government also submits that Love's "atypicality" argument is misplaced because, under § 5K1.1, the district court lacks authority to depart for substantial assistance without a government motion, regardless of the circumstances.

## III.

■ We agree with the government. There is no indication in the language of § 5K1.1 or in the accompanying commentary that the Commission meant to limit "assistance to authorities" to assistance to *federal* authorities. The provision is entitled "Substantial Assistance to Authorities," and describes the assistance as "substantial assistance in the investigation or prosecution of another person who has

3. Although we have no jurisdiction to review a district court's discretionary decision not to depart under the Guidelines, when the court's decision not to depart is based on its conclusion that it lacked authority to depart, we review that decision *de novo. See United States v. Denardi,* 892 F.2d 269, 272 (3d Cir.1989).

4. Section 5K2.0 of the Guidelines provides in relevant part:
§ 5K2.0 *Grounds for Departure* (Policy Statement)
Under 18 U.S.C. § 3553(b) the sentencing court may impose a sentence outside the

range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." ... Similarly, the court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines ... if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

committed an offense." *See* U.S.S.G. § 5K1.1. There is no suggestion that the offense need be a *federal* offense or that the investigators need be *federal* authorities. The application notes and background commentary, like the provision itself, refer only to "assistance to authorities." If the Commission had intended to limit the provision to assistance to federal authorities it doubtless would have done so.[5]

This reading of § 5K1.1 is not only mandated by the plain language of the Guideline, but it also effectuates the Guidelines' policy of granting the federal prosecutor the power to evaluate in the first instance the extent and significance of the defendant's assistance to gc· ?rnmental authorities.[6]

Although we have found no case law specifically addressing the issue before us, several federal courts of appeals, including this one, have assumed without discussion, that § 5K1.1 applies to assistance to state as well as federal authorities. *See, e.g.,*

*United States v. Egan,* 966 F.2d 328 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1021, 122 L.Ed.2d 167 (1993); *United States v. Shoupe,* 929 F.2d 116, 120–21 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); *United States v. Hill,* 911 F.2d 129 (8th Cir.1990), *vacated on other grounds,* —— U.S. ——, 111 S.Ct. 2845, 115 L.Ed.2d 1014 (1991); *United States v. Lewis,* ·896 F.2d 246 (7th Cir.1990). We believe that, had the government in this case moved for a § 5K1.1 departure based on Love's assistance to state authorities, the district court would likely have granted the departure, and that neither Love, the government, nor this court would have questioned the propriety of applying § 5K1.1. None of the parties have suggested otherwise.

Because § 5K1.1 applies to assistance to state and local authorities, we conclude that such assistance is not a proper basis for a downward departure under § 5K2.0 and 18 U.S.C. § 3553(b), which allow depar-

---

**5.** Nor is there any indication in 18 U.S.C. § 3553(e), a statutory provision similar to § 5K1.1 which grants district courts authority to reduce sentences for defendants' substantial assistance, that "substantial assistance in the investigation and prosecution of another person who has committed an offense" does not mean assistance to *any* governmental authority in the investigation of *any* criminal offense. 18 U.S.C. § 3553(e) provides, in relevant part:

> *Limited authority to impose a sentence below statutory minimum.* Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense....

**6.** The courts of appeals, including this court, have unanimously rejected constitutional and statutory challenges to the discretion afforded federal prosecutors under § 5K1.1, and have consistently held that district courts lack authority to depart downward due to substantial assistance in the absence of a motion by the government. *See, e.g., United States v. Higgins,* 967 F.2d 841 (3d Cir.1992) (rejecting argument that district court has power to grant downward departure based on substantial assistance in absence of government motion); *United States v. Santos,* 932 F.2d 244, 255–56 (3d Cir.) (rejecting argument that § 5K1.1's government motion requirement violates due process), *cert. denied,* —— U.S. ——, 112 S.Ct. 592, 116 L.Ed.2d

617 (1991); *United Stated v. Gonzales,* 927 F.2d 139, 145 (3d Cir.1991) (holding that district court is powerless to grant downward departure based on substantial assistance if government does not so move); *United States v. Bruno,* 897 F.2d 691 (3d Cir.1990) (same); *United States v. Ortez,* 902 F.2d 61, 64 (D.C.Cir.1990) (same); *United States v. Huerta,* 878 F.2d 89, 91 (2d Cir.1989) (rejecting argument that government motion requirement of § 5K1.1 and 18 U.S.C. § 3553(e) violates doctrine of separation of powers or due process), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989) (same), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990).

In *Wade v. United States,* —— U.S. ——, ——, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992), the Supreme Court stated that § 5K1.1 gives the government "a power, not a duty, to file a motion when a defendant has substantially assisted." In *Wade,* the Court held that district courts can review the government's refusal to file a § 5K1.1 motion but only for a constitutional violation (for example, if the government refused to file a substantial assistance motion because of a defendant's race or religion). The Court made it clear that so long as the basis for the government's refusal to issue a substantial assistance motion is not unconstitutional, it cannot be challenged. Love has made no argument that the government was motivated by unconstitutional considerations in refusing to make the substantial assistance motion.

**736**

ture for factors not adequately taken into consideration by the Commission in formulating the Guidelines.

■ Love's argument that the "unusual circumstances" of his case should permit a downward departure under § 5K2.0 is, in our view, simply a repackaging of his argument that assistance to state authorities is not a factor adequately accounted for within § 5K1.1 of the Guidelines. Therefore, for the reasons already discussed, the argument is without merit. Indeed, the "unusual circumstances" departure described in § 5K2.0 and in the Introduction to the Guidelines, *see* U.S.S.G. Ch. 1, Pt. A, intro. (4)(b), has no application to departure for substantial assistance to authorities, which is governed by § 5K1.1. As § 5K1.1 unambiguously provides, a departure based on substantial assistance to authorities is permissible only if the government has filed a motion, regardless of the nature or extent of the defendant's assistance. *See supra* n. 6.

Accordingly, the judgment of the district court will be affirmed.