**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James EMERY, Defendant–Appellant,**

and

**Philip Falkowski; John Collette;
Cynthia Falkowski,
Defendants.**

No. 93–30401.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1994.

Decided Sept. 12, 1994.

D. Randall Ensminger, Fairbanks, AK, for defendant-appellant.

Suzanne C. Hayden, Asst. U.S. Atty., Anchorage, AK, for plaintiff-appellee.

Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.

CANBY, Circuit Judge:

James Emery appeals his sentence following a plea of guilty to various charges arising from his participation in a large marijuana growing and trafficking operation. We affirm.

## BACKGROUND

On March 3, 1992, Alaska state law enforcement authorities executed a search warrant at Emery's house in Fairbanks, Alaska. Inside, they discovered a room with several live marijuana plants, approximately 25 pounds of dried marijuana, and equipment for cultivating and packaging marijuana. Emery was not arrested at the time. He subsequently moved to unseal the search warrant. To protect other investigations that might have been jeopardized by release of information contained in the warrant, the state responded by agreeing to charge Emery with no more than a misdemeanor with a maximum one-year prison sentence in exchange for Emery's agreement to withdraw his motion. Emery acquiesced.

Alaska state police informed agents of the Drug Enforcement Administration (DEA) that Emery was involved in a large-scale drug trafficking operation. After an investigation that lasted several months, federal authorities indicted Emery and fourteen others on a variety of drug trafficking and money laundering charges.

## DISCUSSION

### I

Emery's principal contention in his briefs is that the district court should have departed downward from the applicable guideline range, pursuant to section 5K1.1 of the sentencing guidelines, in recognition of the assistance he gave the state in its investigation when he agreed to withdraw his motion to unseal the search warrant.

Section 5K1.1 provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

U.S.S.G. (1992). As the plain language makes clear, a district court lacks authority to depart under this section in the absence of a motion by the government. *United States v. Ayarza*, 874 F.2d 647, 653 (9th Cir.1989), *cert. denied*, 493 U.S. 1047, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990). Because the government did not make such a motion in this case, Emery cannot rely on section 5K1.1 as a ground for a downward departure.

■ The only other possible ground for departure is the general departure provision of section 5K2.0, on which Emery relied at oral argument. This provision, however, provides no support for Emery's position either. A district court may depart under section 5K2.0 only if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." U.S.S.G. § 5K2.0, p.s. Because the Sentencing Commission plainly took into account assistance to authorities in formulating section 5K1.1, section 5K2.0 is unavailable. *United States v. Love*, 985 F.2d 732, 734–35 (3d Cir.1993).

■ The fact that Emery assisted state, not federal, authorities does not alter our conclusion that section 5K1.1 provides the sole authority for a downward departure in recognition of a defendant's assistance to authorities. As the Third Circuit persuasively reasoned in *Love*, there is no indication in the guidelines or elsewhere that application of section 5K1.1 is limited to assistance to federal authorities in the investigation of federal crimes. *Id.* Federal courts regularly have applied section 5K1.1 to instances in which a defendant has assisted state and local authorities. *See id.*, and cases cited therein.

Because section 5K1.1 provides the exclusive ground for a downward departure based on substantial assistance to authorities, and because the government did not move for such a departure as the rule requires, the district court lacked authority to depart downward on this basis, and properly refused to do so. We note, however, that the government in argument before us did not rely on *Love* and may well have been under the impression that it lacked authority to move for a downward departure because of cooperation with state rather than federal authorities. The district judge commented that in view of Emery's lack of a recent criminal record, the low risk of recidivism, and other circumstances, a lesser sentence would have been appropriate in this case if he were free to depart downward. In view of these facts, the United States Attorney is requested to reexamine the sentence imposed in this case in light of the cooperation with state authorities and to determine whether to move for resentencing with a recommendation for a downward departure. Our affirmance does not preclude such a motion.

## II

■ Emery challenges his sentence on two additional grounds, both of which are wholly without merit. First, he contends that the state authorities with whom he entered into his agreement were acting at the direction of the DEA, and that therefore the district court was bound by that agreement, which limited any sentence on state charges to a maximum of one year. Even if we assume that Emery's allegations are correct, they provide no basis for overturning his sentence. The scope of the agreement clearly is confined to potential state prosecutions. The fact that the state may have entered into the agreement at the DEA's behest does nothing to enlarge that scope, nor does it somehow require the federal court to impose a similar sentence in this federal prosecution.[1]

■ Finally, Emery contends that the district court should have created what he calls an "Alaska exception" to the sentencing guidelines. Until recently, it was legal under Alaska law for persons over age eighteen to possess up to four ounces of marijuana for personal use. *See Allam v. State*, 830 P.2d 435, 436 (Alaska Ct.App.1992). Consequently, Emery argues, federal courts should impose a moratorium on application of the sentencing guidelines pertaining to marijuana possession and cultivation in order to give Alaskans time to learn that those activities are now illegal and can result in substantial prison sentences.

Even if we accepted the need for such an exception, which we do not, we would find it inapplicable in this case. Emery was convicted of conspiracy to possess, with intent to distribute, 840 kilograms of marijuana—

---

1. Emery does not contend that the DEA authorized the state to execute the agreement on its behalf, so that it would cover potential federal, as well as state, prosecutions. We express no view whether such an agreement would be binding in a subsequent federal prosecution.

roughly seven thousand times more than it ever was legal to possess for personal use. Regardless whether some Alaskans may remain ignorant of the fact that possession of any quantity of marijuana now is illegal under Alaska law, we are certain that no one—including Emery—is or ever was under the misapprehension that conspiracy to possess nearly a ton of marijuana, with intent to distribute, is legal.

## CONCLUSION

Because the government did not move for a departure, the district court properly refused to depart from the applicable guideline range on the basis of Emery's assistance to state authorities. Emery's other challenges to his sentence are without merit. The sentence imposed by the district court, therefore, is AFFIRMED.