**UNITED STATES of America, Appellee,**

v.

**Lancelotte KAYE, Defendant–Appellant.**

No. 94–1381.

United States Court of Appeals,
Second Circuit.

March 16, 1998.

Allan Sturim, & Nizin, Kew Gardens, for Defendant–Appellant.

Douglas T. Burns, Assistant United States Attorney, Eastern District of New York, Brooklyn, (Zachary W. Carter, United States Attorney, Peter A. Norling, Assistant United States Attorney, of counsel), for Appellee.

Before: WINTER, Chief Judge, VAN GRAAFEILAND, Circuit Judge and KAPLAN, District Judge.[*]

WINTER, Chief Judge.

Lancelotte Kaye petitions this panel to reconsider its earlier decision, *United States v. Kaye*, 65 F.3d 240 (2d Cir.1995), in which we rejected Kaye's challenge to his sentence.[1] After the petition was filed, we requested a reply by the government pursuant to Fed. R.App.P. 40(a). Kaye appeals the sentence imposed by Judge Mishler following Kaye's conviction by a plea of guilty for possession of firearms with obliterated serial numbers, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B). The facts of this case are set out in our prior decision, *Kaye*, 65 F.3d at 241–42, familiarity with which is assumed.

Kaye argues that the district court erred by declining to consider a downward departure under U.S. Sentencing Guidelines § 5K2.0 based on assistance Kaye provided to local law-enforcement authorities. The district court held that a departure based on assistance to local law-enforcement authorities was properly considered only under Guidelines Section 5K1.1 and that under Section 5K1.1 the district court could consider such a departure only upon motion by the government. No such motion was made by the government in the instant case, although the Assistant United States Attorney did acknowledge in a letter to the court that Kaye had cooperated with Nassau County law-enforcement officials. My earlier opinion affirmed the district court's ruling. However, upon reconsideration, I have come to believe, as did Judge Kaplan in his dissent, that Section 5K1.1 was not intended to address

departures based on a defendant's assistance to local law-enforcement authorities, and a majority of the panel therefore vacates our earlier decision.

Guidelines Section 5K1.1 allows a sentencing court to depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." Section 5K2.0 authorizes a sentencing court to depart from the Guidelines where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." It is therefore clear that if assistance to local authorities is covered by Section 5K1.1, then the district court lacks the power to downwardly depart on that basis under Section 5K2.0; conversely, if such assistance is not addressed by Section 5K1.1 then the district court can depart under Section 5K2.0 on the basis of such assistance and can do so in the absence of any motion by the government.

Nothing in the language of Section 5K1.1 or the accompanying commentary explicitly indicates whether the "assistance to authorities" mentioned in Application Note 2 to Section 5K1.1 refers to both federal and local authorities or to federal authorities alone. My earlier opinion held that in the absence of any explicit limitation, the plain language of the section was "all-inclusive," *Kaye*, 65 F.3d at 242, and therefore we followed two other circuits who had held similarly, *United States v. Emery*, 34 F.3d 911, 913 (9th Cir.1994); *United States v. Love*, 985 F.2d 732, 734 (3d Cir.1993).[2] Upon reconsideration, I now believe that the term "offense" in Section 5K1.1 is properly interpreted to refer only to federal offenses and that Section 5K1.1 addresses assistance only to federal authorities. My conclusion is

---

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1. The delay in ruling on this petition is entirely the responsibility of the author of this opinion due to failure to keep track of the fact that it was pending.

2. No additional circuit appears to have ruled on this issue other than the Ninth and Third, and within those circuits, *Emery* and *Love* do not appear to have been subsequently relied upon.

based upon the use of the term "offense" as it appears elsewhere in the Guidelines and an examination of the statutory origin of Guidelines Section 5K1.1. This conclusion is also supported by policy considerations.

As both parties note, the language of Section 5K1.1 is copied from 18 U.S.C. § 3553(e) which provides the district court authority to sentence below a statutory minimum sentence, stating:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

*See also Love,* 985 F.2d at 735 n. 5 (3d Cir.1993) (comparing 18 U.S.C. § 3553(e) and Guidelines Section 5K1.1); Application Note 1 to Guidelines Section 5K1.1 (referring to 18 U.S.C. § 3553(e)). Section 3553(e) is similarly silent on whether it embraces assistance to local authorities. However, other provisions of the act that added Section 3553(e) to Title 18 use the term "offense" to refer to federal offenses and use the phrase "offense under State law" when referring to local laws.[3] Moreover, the government has failed to point out any other instance in the Guidelines where the term "offense" appearing alone can be interpreted as referring to both state and federal offenses as opposed to just federal offenses. Indeed, the word "offense" appears myriads of times in the Guidelines and nearly always without any qualification as to federal or state; we too cannot find any other instance in which the term, unqualified, could be reasonably interpreted to refer to state offenses as well as to federal offenses.[4] The government hurts rather than helps its

argument by citing 18 U.S.C. § 3559(c)(2)(F) for the proposition that the word "offense" has been used by Congress to mean both federal and state offenses. The cited statute defines a "serious violent felony" to mean "a Federal or State offense" meeting certain requirements. The fact that 18 U.S.C. § 3559(c)(2)(F) explicitly uses the word "State" only supports my conclusion that the word "offense" appearing alone in the Guidelines refers just to federal offenses.

Finally, I believe that Section 5K1.1's requirement that federal prosecutors make a motion for the departure is so ill-suited to situations in which the defendant's assistance was given to non-federal authorities that some explicit expression of the Commission's intent in that regard would have been expected. Although the Assistant United States Attorney may be in a better position than the sentencing court to evaluate the defendant's cooperation with federal investigative agencies with whom the United States Attorney's Office has a close relationship, this may often not be the case where the defendant's cooperation is with state and local authorities. Unless the investigation involved a joint state-federal effort, the Assistant United States Attorney would have no advantage over the court in evaluating the defendant's cooperation. The defendant's cooperation with local authorities may have taken place in a state other than where the federal prosecution occurs, and there may even be situations where tension between federal and state law-enforcement authorities would argue against having the United States Attorney's Office evaluate a defendant's cooperation with local authorities.

■ I have therefore come to believe that the district court was mistaken in believing it

---

**3.** Section 3553(e) was added to Title 18 by Section 1007 of Pub.L. 99–570, 100 Stat. 3207–7. Other sections of the same enactment amended sentencing provisions of the drug laws and carefully distinguished between federal and state offenses. For example, Section 1402 amended 18 U.S.C. § 924(e)(2) to include a definition of "serious drug offense" that specifically referred to certain federal offenses and to "an offense under State law."

**4.** Although it is true that Guidelines Section 4A1.1, concerning a defendant's criminal history

category, uses the term "offense" to include other than just federal offenses, it does so explicitly, stating in the Commentary that "[p]rior convictions may represent conviction in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal and military courts." The term "offense" is unqualified in the text of the section itself only because it appears there repeatedly; it was simply easier for the Commission to define all that is encompassed by the term a single time in the Commentary.

lacked the power to consider whether to depart downwardly pursuant to Section 5K2.0 on the basis of Kaye's cooperation with state and local authorities. A district court's refusal to depart downward, while ordinarily not reviewable, is appealable if the court misapprehended its authority. *United States v. Millar,* 79 F.3d 338, 345 (2d Cir.1996). I thus agree with Judge Kaplan that we should remand the instant case for resentencing so that the district court can consider a departure pursuant to Section 5K2.0 on the basis of Kaye's cooperation with local law-enforcement authorities.[5]

VAN GRAAFEILAND, Circuit Judge, dissenting:

When Judge Winter wrote the majority opinion for affirmance, reported at 65 F.3d 240, I concurred because I believed he was right. I still believe that he was. I write briefly to explain why. The salient facts may be succinctly stated.

In 1993, the Nassau County Police Department and the United States Bureau of Alcohol, Tobacco and Firearms were conducting a joint investigation of Kaye's illegal trafficking in narcotics and firearms. In the process of this investigation, Kaye sold both marijuana and illegal firearms to an undercover Nassau County detective. The State authorities arrested Kaye for selling marijuana; the federal authorities arrested him for illegal possession of firearms.

In exchange for reduced sentences, Kaye agreed to cooperate with both State and federal authorities in the identification and conviction of other wrongdoers. His efforts on behalf of the State authorities proved fruitful. His efforts on behalf of the federal authorities were insubstantial and unproductive.

Section 5K1.1 of the Sentencing Guidelines provide:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who committed an offense, the court may depart from the guidelines.

In Judge Winter's original opinion, he said: The plain language of the section encompasses all law enforcement authorities whatever governmental unit they represent, and nothing in the Commentary even remotely suggests that the all-inclusive language was not deliberate. Therefore, a motion by the government under Section 5K1.1 is necessary before a court may depart from the Guidelines based on assistance to state or local, as well as federal, authorities.

In Judge Winter's revised opinion, he says: Upon reconsideration, I now believe that the term "offense" in Section 5K1.1 is properly interpreted to refer only to federal offenses and that Section 5K1.1 addresses assistance only to federal authorities.

In his original opinion, Judge Winter cited *United States v. Love,* 985 F.2d 732, 734 (3d Cir.1993) and *United States v. Emery,* 34 F.3d 911, 912 (9th Cir.1994), as persuasive, albeit not compelling, precedent. I too found them persuasive when I concurred. In *Love,* the Court said:

There is no indication in the language of § 5K1.1 or in the accompanying commentary that the Commission meant to limit "assistance to authorities" to assistance to *federal* authorities. The provision is entitled "Substantial Assistance to Authorities," and describes the assistance as "substantial assistance in the investigation or prosecution of another person who has committed an offense." *See* U.S.S.G. § 5K1.1. There is no suggestion that the offense need be a *federal* offense or that the investigators need be *federal* authorities. The application notes and background commentary, like the provision itself, refer only to "assistance to authorities." If the Commission had intended to limit the provision to assistance to federal authorities it doubtless would have done so.

The *Emery* Court continued in the same vein:

---

5. The district court may also consider the delay in this ruling, see *supra* Note 1, in considering whether to grant a departure.

The fact that Emery assisted state, not federal, authorities does not alter our conclusion that section 5K1.1 provides the sole authority for a downward departure in recognition of a defendant's assistance to authorities. As the Third Circuit persuasively reasoned in *Love,* there is no indication in the guidelines or elsewhere that application of section 5K1.1 is limited to assistance to federal authorities in the investigation of federal crimes. *Id.* Federal courts regularly have applied section 5K1.1 to instances in which a defendant has assisted state and local authorities. *See id.,* and cases cited therein.

These decisions which have not been overturned do not stand isolated and alone. *See, e.g., United States v. Egan,* 966 F.2d 328, 330 n. 1 (7th Cir.1992), *cert. denied,* 506 U.S. 1069, 113 S.Ct. 1021, 122 L.Ed.2d 167 (1993); *United States v. Shoupe,* 929 F.2d 116, 120–21 (3d Cir.), *cert. denied,* 502 U.S. 943, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); *United States v. Hill,* 911 F.2d 129, 131 (8th Cir. 1990), *vacated on other grounds,* 501 U.S. 1226, 111 S.Ct. 2845, 115 L.Ed.2d 1014 (1991). However, Judge Winter now has changed his mind and holds that section 5K1.1 does not apply to assistance rendered to local law enforcement agencies. *Supra,* at 87. I respectfully disagree.

Section 944(n) of Title 28, U.S.C. provides:

The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

The purpose of these enactments is clear—the encouraging of defendants' cooperation. *See United States v. Huerta,* 878 F.2d 89, 93 (2d Cir.1989), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *United States v. Lewis,* 896 F.2d 246, 249 (7th Cir.1990) I cannot believe that either Congress or the Commission intended to encourage cooperation only with federal authorities. The obligation of every citizen to report wrong-doing to authorities is centu-ries old. *Roberts v. United States,* 445 U.S. 552, 557, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980); *United States v. Ramirez–Cifuentes,* 682 F.2d 337, 346–47 (2d Cir.1982) (Lumbard, J., concurring) ("The duty of every good citizen is, when called upon, to give all information in his power to the proper officers of the law as to persons connected with crime ... .") (quoting *Gisske v. Sanders,* 9 Cal.App. 13, 98 Pac. 43, 44 (1908)); *United States v. Ruminer,* 786 F.2d 381, 385 (10th Cir.1986). The Guidelines specifically recognized this obligation in the following "Background" to section 5K1.1: "A defendant's assistance to authorities in the investigation of criminal activities has been recognized in practice and by statute as a mitigating sentencing factor."

The Guidelines are not as parochial as my colleagues suggest. For example, Guideline Section 4A1.2 sets forth sentences to be counted and excluded in computing all defendants' Criminal History, and subdivision (c) of that section blankets the field of offenses without separating federal from state. *See, e.g., Lewis, supra,* at 249–50.

Assuming there is ambiguity in the foregoing provisions, we should follow the well-established doctrine that "ambiguities in criminal statutes must be resolved in favor of lenity." *United States v. Batchelder,* 442 U.S. 114, 121, 99 S.Ct. 2198, 2202, 60 L.Ed.2d 755 (1979). A defendant who has cooperated with State authorities in the hope that this would bring him some favorable sentencing treatment should not have his hopes dashed by a niggardly interpretation of section 5K1.1. I am not as certain as are my colleagues that such an unhappy situation would constitute "an aggravating or mitigating circumstance of a kind not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" within the meaning of section 5K2.0. *See Williams v. United States,* 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).

I therefore dissent.