**UNITED STATES of America,**

v.

**Mario BORBONIO–RUIZ, Appellant.**

No. 01–1149.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 4, 2002.

Filed Feb. 28, 2002.

Before BECKER, Chief Judge, McKEE, and BARRY, Circuit Judges.

MEMORANDUM OPINION

BECKER, Chief Judge.

This is an appeal by defendant Mario Borbonio–Ruiz from the judgment of the United States District Court for the Eastern District of Pennsylvania entered pursuant to a bargained-for guilty plea. Borbonio–Ruiz's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating, inter alia:

Counsel should be granted leave to withdraw his appearance on behalf of Borbonio–Ruiz because: (1) he has assured the Court that he has made a sufficiently thorough evaluation of the record in search of any appealable issues and found that none exist; and (2) all issues challenging the legality of the sentence are frivolous inasmuch as this Court lacks jurisdiction to entertain an appeal because the lower court considered each of the bases requested for a downward departure from the Sentencing Guidelines, recognized it had the authority to depart, but in its exercise of discretion chose not to do so.

This appeal is from a re-sentencing, and is the second appeal in this case. More particularly, after Borbonio–Ruiz was sentenced to a term of imprisonment of forty-six (46) months in prison, he filed an appeal, and this Court granted the consent motion of the government to remand the case to the District Court for re-sentencing. This was done so that the Court could explicitly state whether it believed that it had the power to depart downward pursuant to a motion alleging that the Government should be bound by its false representation that Borbonio–Ruiz would be subject to a maximum term of imprisonment of two years if he unlawfully re-entered the United States without permission within the next five years. Following a hearing, the Court reimposed its original sentence, filing an opinion and order stating that it had considered each of the grounds for a downward departure, including the notice issue; that it was aware that it had the authority to depart downward; but that in the exercise of its discretion it chose not to do so.

Counsel represents that

any challenge to the sentence reimposed by the lower court on January 5, 2001, would be frivolous. As noted earlier, the District Court acknowledged

880

the various grounds through which Borbonio–Ruiz sought a downward departure, recognized that it had the authority to depart downward, but in the exercise of its discretion refused to do so. Decisions of this Court have made it very specific that if the lower court recognizes that it could downwardly depart, but if it refuses to do so based upon its exercise of discretion, this Court lacks jurisdiction to entertain an appeal. See, *United States v. Love*, 985 F.2d 732, 734 (3d Cir.1993); *United States v. Bierley*, 922 F.2d 1061, 1066 (3d Cir.1990). If the Appellate Court has no jurisdiction to entertain an appeal, such an appeal would be frivolous.

Our jurisprudence requires that counsel in an Anders situation adequately attempt to uncover the best arguments for his or her client. See *United States v. Marvin*, 211 F.3d 778 (3d Cir.1999). However, having read the record, we are satisfied that counsel has fulfilled his Anders obligations, and agree with his estimate of the appeal. There has never been an issue concerning the guilt or innocence of Borbonio–Ruiz. He agreed to proceed by way of information rather than by a grand jury indictment; admitted at the time of arrest and in open Court to being present unlawfully in the United States after deportation for a prior drug felony; and also admitted his involvement to the probation officer for purposes of gaining acceptance of responsibility.

We have addressed the downward departure issue, supra. The other putative sentencing issues are patently lacking in merit.

We will therefore grant counsel's request to withdraw, and will affirm the judgment on the merits.