

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2003

# USA v. Villar

Precedential or Non-Precedential: Non-Precedential

Docket 02-2946

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Villar" (2003). *2003 Decisions.* Paper 555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2946

UNITED STATES OF AMERICA

v.

RICARDO VILLAR,
a/k/a RICHARD AGOSTO,
a/k/a ROBERTO VILLAR,
a/k/a EDWARD DELGADO,
a/k/a MR. LOPEZ,
a/k/a JOSE LUIS

Ricardo Villar,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 00-cr-00465-1
(Honorable Marvin Katz)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2003
Before: SCIRICA, <u>Chief Judge</u>*, AMBRO and WEIS, <u>Circuit Judges</u>

(Filed: May 14, 2003)

*Judge Scirica began his term as Chief Judge on May 4, 2003.

OPINION OF THE COURT

SCIRICA, Chief Judge.

In this sentencing appeal, Ricardo Villar contends the District Court erroneously declined to grant him a downward departure for cooperation with state authorities, even in the absence of a government motion. We will affirm.

I.

Villar was arrested on August 25, 1998, by Philadelphia Police Officers for possession of crack, heroin, cocaine, and drug paraphernalia. Following his arrest, Villar agreed to cooperate with state authorities. The federal government took over the state prosecution of Villar. Villar agreed to cooperate with the federal law enforcement officers and was charged by information. But, on October 13, 2000, the day he was scheduled to plead guilty to the federal charges, Villar fled. On September 6, 2001, he was rearrested and found in possession of large amounts of crack, cocaine, and tools used in the manufacture and distribution of crack. Villar pleaded guilty to a superseding indictment charging him with the crimes he committed on August 25, 1998, and drug crimes related to his September 6, 2001, crack and cocaine distribution.[1] In his plea agreement, Villar agreed that: "any of his cooperation prior to becoming a fugitive on or

---

[1] 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 860(a).

about October 13, 2000, shall not be the basis of a downward departure pursuant to U.S.S.G. § 5K1.1."

On July 11, 2002, the District Court sentenced Villar to 324 months imprisonment, ten years supervised release, a $2,000 fine, and a $500 special assessment.[2] Finding Villar's cooperation not substantial in light of his flight, his continuation of large-scale drug distribution upon returning to Philadelphia, and his failure to continue to cooperate following his rearrest on September 6, 2001, the government elected not to file a motion pursuant to U.S.S.G. § 5K1.1.

Villar did not challenge the government's decision. Instead, Villar argued that the District Court should depart anyway, pursuant to U.S.S.G. § 5K2.0, based on the totality of the circumstances including his cooperation. The District Court rejected Villar's argument, finding that it had no discretion to grant a downward departure absent a government motion.

## II.

The District Court properly denied Villar's motion for a downward departure based on his "cooperation" with law enforcement. U.S.S.G. § 5K1.1 provides that a motion for a downward departure based on a defendant's cooperation may be made only

---

[2]Upon the government's motion, the District Court dismissed Counts V and VII of the superseding indictment at the time of sentencing.

by the government. The District Court lacks authority to grant such a departure when the government has properly refused to file such a motion.

Villar contends on appeal that the District Court had the authority to depart, even in the absence of a government motion under § 5K1.1, based solely on his cooperation with state law enforcement authorities. Villar claims that § 5K1.1 applies only to cooperation with federal authorities, not with state authorities. He argues that cooperation with state authorities is governed by § 5K2.0 and may be granted even without the government's concurrence.

We rejected this argument in *United States v. Love*, 985 F.2d 732 (3d Cir. 1993). We said "there is no indication in the language of § 5K1.1 or in the accompanying commentary that the Commission meant to limit 'assistance to authorities' to assistance to *federal* authorities." *Id.* at 734 (emphasis in original). We also said "[t]here is no suggestion that the offense [investigated or prosecuted] need be a *federal* offense or that the investigators need to be *federal* authorities." *Id.* at 735. We concluded that if the Sentencing Commission had intended to limit the provision to federal offenses investigated only by federal authorities it could have explicitly done so. *Id.*; s*ee also United States v. Emery*, 34 F.3d 911, 913 (9th Cir. 1994).

Villar asks us to reconsider *Love*, relying on *United States v. Kaye*, 140 F.3d 86 (2d Cir. 1998), in which a divided court held that § 5K1.1 only governs cooperation with federal authorities and that cooperation with state authorities was not contemplated by the

4

sentencing guidelines.  Villar recognizes that *Kaye* is inconsistent with *Love* and that *Love* has not been overruled by this Court *en banc*.  This is correct.  *Love* is binding on this panel.  *See* IOP 9.1.[3]

III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

[3]Nonetheless, we find the *Kaye* rationale problematic.

TO THE CLERK:

Please file the foregoing opinion.

_____/s/ Anthony J. Scirica_____
Chief Judge

DATED: May 14, 2003