**UNITED STATES of America,**
**Appellee,**

v.

**Sandra Dor FLEURISTAL,**
**Defendant–Appellant.**

No. 04–2447.

United States Court of Appeals,
Second Circuit.

June 1, 2005.

---

Charles Hochbaum, Hochbaum & Weiss, Garden City, NY, for Defendant–Appellant.

Lee J. Freedman, Assistant United States Attorney, (Rosslyn R. Mauskopf, United States Attorney for the Eastern District of New York, and David C. James, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges, FREDERIC BLOCK, District Judge.*

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Defendant-appellant Sandra Dor Fleuristal appeals from the District Court's judgment, entered April 27, 2004, convicting her, after a guilty plea, of conspiracy to commit bank fraud under 18 U.S.C. § 371, and sentencing her to five months imprisonment and three years supervised release with 5 months to be served in home confinement, among other things. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ Because the District Court sentenced appellant prior to the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), in the belief that the Sentencing Guidelines were mandatory, appellant is entitled to a remand for the District Court to consider whether to resentence under the post-*Booker* non-mandatory Guidelines regime. *See United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). However, because the District Court on remand will still be obligated to "consider" the Guidelines, it is within our discretion to adjudicate Guidelines issues before remanding, and because the Guidelines issues appellant raises are not difficult, we elect to exercise that discretion. *See United States v. Fagans*, 406 F.3d 138, 140–41 (2d Cir.2005).

■ A district court's interpretation of the Sentencing Guidelines is reviewed *de novo*, its findings of fact are reviewed for clear error, and due deference is given its application of the Guidelines to the facts. *See United States v. Manas*, 272 F.3d 159, 164 (2d Cir.2001). Because appellant did not raise her challenge to the government's refusal to move for a downward departure under U.S.S.G. § 5K1.1 in the District Court, we review this challenge for plain error. *See United States v. Thomas*, 274 F.3d 655, 667 (2d Cir.2001).

■ The government's determination not to move for a downward departure under U.S.S.G. § 5K1.1 on the basis that appellant violated her cooperation agreement is reviewed for good faith, and the government's burden is to demonstrate that it was honestly dissatisfied with appellant's efforts. *See United States v. Reeves*, 296 F.3d 113, 116 (2d Cir.2002). In light of the District Court's factual findings that appellant lied to government agents with the intent to minimize her codefendant's role and protect an unapprehended coconspirator, which are not clearly erroneous, the government has met its burden of demonstrating its good faith, and the District Court's failure to hold otherwise was certainly not plain error.

■ Appellant was not entitled to a downward departure pursuant to U.S.S.G. § 5K2.0(a)(2) on the basis that her substantial assistance to the federal government constitutes a circumstance not adequately taken into account by the Sentencing Commission, because a prior panel of this Court has held such a departure impermissible. *See United States v. El–Gheur*, 201 F.3d 90, 94 (2d Cir.2000); *cf. United States v. Kaye*, 140 F.3d 86, 87–89 (2d Cir.1998) (holding that cooperation with state and local authorities provides basis for departure under section 5K2.0 because section 5K1.1 concerns only substantial assistance in investigation or prosecution of a federal offense). We will not overrule a prior panel of this Court absent intervening Supreme Court precedent casting doubt on the prior panel's decision. *See Veltri v. Building Serv. 32B–J Pension Fund*, 393 F.3d 318, 327 (2d Cir.2004).

■ The District Court made the requisite findings of fact to support an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *See United States v. Peterson*, 385 F.3d 127, 139 (2d Cir.2004) (requiring finding of willful behavior with

the intent to obstruct justice); *United States v. Cassiliano,* 137 F.3d 742, 746 (2d Cir.1998) (noting that where offense of conviction is conspiracy, attempt to thwart prosecution of coconspirator constitutes obstruction of justice). The District Court's finding that appellant lied to government agents with the intent to prevent apprehension of a coconspirator was not clearly erroneous.

For the foregoing reasons, the judgment of the District Court is AFFIRMED and the case is REMANDED for further proceedings consistent with *Booker* and *Crosby.* Any appeal taken from the District Court following this, remand and resentencing, if it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b).