# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1255

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Terrance Lamont Fields,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　*

_____

Submitted: November 14, 2007
Filed: January 14, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Terrance Fields appeals from his 188-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Fields asserts that the district court[1] erred by not compelling the government to file a motion for downward departure based upon substantial assistance under 18 U.S.C. § 3553(e) and United States Sentencing Guidelines (U.S.S.G.) § 5K1.1. In the alternative, Fields argues that the district court abused its discretion by not considering his assistance under the factors outlined in 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Fields entered a guilty plea pursuant to a plea agreement, which stated that "[t]he defendant has not offered to assist the government in its ongoing investigation and the government has not requested his assistance." Fields contends that at the time he entered the plea, his counsel noted that this statement was inaccurate because Fields had in fact offered to provide assistance himself, and had offered the assistance of a third party as a confidential informant.

Before Fields was sentenced, the government declined to file a motion for a downward departure under § 3553(e) or § 5K1.1. Fields filed a motion to compel the government to file the motions or, in the alternative, for the district court to consider a downward variance from the guidelines range. During the sentencing hearing, the district court denied Fields's motion because the plea agreement did not indicate there was an agreement based upon Fields's assistance to the government, the government did not request assistance from the third party, and the government articulated rational reasons for not using the third party as a confidential informant. We review the district court's conclusions of law and application of the sentencing guidelines *de novo*. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). We review factual findings for clear error. Id.

The government has discretion to determine whether the defendant has provided substantial assistance and whether to file a motion for a downward departure under § 3553(e) or § 5K1.1. The government may not, however, decline to file such a motion based upon an unconstitutional motive or irrational determination. United States v. Holbdy, 489 F.3d 910, 913 (8th Cir. 2007); United States v. Moeller, 383 F.3d 710, 712 (8th Cir. 2004). To show that the government's decision was based upon an unconstitutional motive or irrational determination, the defendant must make a "substantial threshold showing" that the government's decision was not rationally related to a legitimate government interest. United States v. Davis, 397 F.3d 672, 676 (8th Cir. 2005) (per curiam). This showing must involve clear evidence that the prosecutor's motive was improper, rather than a mere allegation that substantial

assistance was provided and that the prosecutor had an improper motive for declining to file a motion for a downward departure.  United States v. Pamperin, 456 F.3d 822, 825 (8th Cir. 2006).

We conclude that Fields did not make a substantial threshold showing that the government had an improper motive for declining to file a motion for a downward departure.  Absent a plea agreement that creates a duty for the government to file the motion, the government retains the discretion to determine whether substantial assistance was provided and whether to file a motion under § 3553(e) or § 5K1.1.  United States v. Mullins, 399 F.3d 888, 889-90 (8th Cir. 2005).  Fields's plea agreement indicated that the government had not requested assistance and that Fields had not offered to provide assistance.  Although it is possible that Fields and the government reached an agreement for Fields's assistance after the plea was entered, there is nothing in the record, other than Fields's mere allegation, to indicate that any such agreement was contemplated.

Even if the government and a defendant reached an agreement indicating that the government would consider filing a motion for downward departure for substantial assistance, the government would still retain discretion to determine whether the defendant's assistance was substantial.  See Davis, 397 F.3d at 676.  Fields's broad assertion that substantial assistance was provided, and therefore that the government's reason for declining to file the motion must have been improper, is not enough to establish a substantial threshold showing.  See Wade v. United States, 504 U.S. 181, 187 (1992) ("The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [the defendant's] help, but simply on its rational assessment of the cost and benefit that would flow from moving."); Holbdy, 489 F.3d at 913 (general allegations of improper motive do not establish a substantial threshold showing).  Fields was unable to provide assistance personally because he was in custody.  Even if Fields genuinely wanted to assist the government and he did everything within his ability to provide assistance, he is not necessarily entitled to a

downward departure for substantial assistance. See United States v. Saenz, 428 F.3d 1159, 1164 (8th Cir. 2005) (noting the defendant may be eager to provide assistance, but if the assistance is not helpful, the defendant may not receive the benefit of a downward departure for substantial assistance).

Although a third party offered to provide assistance on behalf of Fields, the government contends that it neither solicited, nor used, the assistance of the third party because it determined that the third party was unreliable and impeachable. Fields concedes that the government articulated a logical rational for not using the third party as a confidential informant. Appellant's Br. at 11. Any assistance the third party did provide was in cooperation with local authorities, and her assistance was, at least in part, a result of her own criminal charges. While a defendant may be able to negotiate a § 3553(e) or § 5K1.1 motion by providing assistance to local authorities, or by offering the assistance of a third party,[2] without an agreement, it is within the government's discretion to file a motion for a downward departure. Because neither Fields nor the third party provided assistance to the federal government, and because

_____

[2]We have not previously ruled on whether assistance to state or local authorities can be a basis for the government filing a motion under § 3553(e) or § 5K1.1. Other circuits have addressed this issue, however, and the result has been a circuit split. Compare United States v. Love, 985 F.2d 732, 734-35 (3d Cir. 1993) (concluding that the measure of assistance provided by the defendant should not be limited to assistance provided to federal authorities), and United States v. Emery, 34 F.3d 911, 913 (9th Cir. 1994) (following Love), with United States v. Kaye, 140 F.3d 86, 87-88 (2d Cir. 1998) (a divided court declined to follow Love and concluded that assistance must be provided to federal authorities for purposes of a motion under § 3553(e) or § 5K1.1, but that such assistance may be considered by the district court under U.S.S.G. § 5K2.0). While we have not reached this issue directly, the government notes in its brief that assistance to state authorities can be the basis for filing a § 5K1.1 motion, and that in the past it has entered into agreements with defendants for the assistance of a third party in exchange for filing a motion for downward departure for the defendant. Appellee's Br. at 12.

there was no agreement between Fields and the government requiring the government to file a motion for downward departure, we affirm the district court's refusal to compel a motion under § 3553(e) or § 5K1.1.

Regarding the 18 U.S.C. § 3553(a) factors, we conclude that the district court did not abuse its discretion when it imposed a sentence at the bottom of the applicable guidelines range. See Gall v. United States, 128 S. Ct. 586, 594 (2007) (all sentencing decisions must be reviewed for an abuse of discretion); Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (sentence within Sentencing Guidelines range is presumptively reasonable on appeal); United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) ("Whether a sentence is reasonable in light of § 3553(a) is reviewed for abuse of discretion."). The district court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Long Soldier, 431 F.3d at 1123. The factors outlined in § 3553(a) are relevant factors that the district court should consider when crafting a sentence. Id.

Because the government did not file, and the district court did not compel, a motion under § 3553(e), Fields is subject to a statutory minimum sentence of 180 months. Accordingly, the most he could gain under the § 3553(a) factors is a decrease in his sentence by eight months. See United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007) (district court cannot consider § 3553(a) factors to impose a sentence below the statutory minimum).

Fields asserts that the district court failed to consider the assistance provided by himself and the third party under "the history and characteristics of the defendant" factor. See 18 U.S.C. § 3553(a)(1). We disagree. At the sentencing hearing, the district court allowed Fields and his counsel to elaborate on any and all assistance provided to the government and the district court carefully considered all the

information presented. The district court neither failed to consider Fields's attempts to offer assistance, nor did it consider any improper or irrelevant factors. See United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007) (the district court's awareness of defendant's arguments precludes the conclusion that the district court abused its discretion by failing to consider them). Fields does not assert that the district court committed a clear error of judgment in considering the § 3553(a) factors or that the district court itself had an improper motive in denying a downward departure. See United States v. Dalton, 478 F.3d 879, 881 (8th Cir. 2007) ("the extent of a downward departure in the defendant's favor lies within the district court's discretion and is virtually unreviewable on a defendant's appeal, absent an unconstitutional motive animating the district court"). Accordingly, the district court's decision to impose a sentence at the bottom of the Sentencing Guidelines range, rather than to vary from the guidelines, was not an abuse of discretion and the sentence was therefore reasonable.

The judgment is affirmed.

_____