# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3305

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Barry Scott Ostrander, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 3, 2008
Filed: December 22, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Barry Scott Ostrander pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). Denying his request for a sentence that varied from the advisory guideline range, the district court[1] sentenced Ostrander to a term of 180 months in prison. Ostrander appeals, arguing that the court committed procedural error by considering the nature and circumstances of his offense as required by 18 U.S.C. § 3553(a)(1), while failing to consider his history and characteristics as also required by section 3553(a)(1). He further contends that his

_____

[1] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

sentence is greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a)(2), and thus is unreasonable, because the court failed to consider the section 3553(a)(2) factors in light of his extenuating circumstances.

We conclude that the court did not fail to consider Ostrander's history or characteristics, as the record shows that the court reviewed his motion for a variance (which was based on his lack of a criminal history and his family situation), heard defense counsel's relevant arguments at sentencing, and heard numerous supporters of Ostrander speak on his behalf. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (in reviewing sentence for abuse of discretion, appeals court must first ensure there was no significant procedural error – such as failing to consider § 3553(a) factors – and then assess substantive reasonableness of sentence); Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (sentencing court should set forth enough to satisfy appellate court that it has considered parties' arguments and has reasoned basis for exercising its own legal decisionmaking authority); United States v. Fields, 512 F.3d 1009, 1013 (8th Cir. 2008) (noting that district court's awareness of defendant's arguments precludes conclusion that district court abused its discretion by failing to consider them).

We also conclude that Ostrander's sentence is not substantively unreasonable. See United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.) (listing circumstances where sentencing court abuses its discretion, resulting in unreasonable sentence), cert. denied, 128 S. Ct. 305 (2007).

Accordingly, we affirm.

_____