# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3183

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| Donnietha Bradford, also known as | * Eastern District of Arkansas. |
| Donnie Bradford, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: February 13, 2009
Filed: February 23, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Donnietha Bradford (Bradford) pled guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371. The district court[1] sentenced Bradford to the top of the advisory Guidelines range, 46 months in prison, to be served consecutively to an undischarged prison term for an unrelated state conviction.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Bradford now argues in her counseled brief[2] the sentence is unreasonable because the court failed to consider relevant factors by giving no significance to the victim's intelligence, education, and business background, and giving considerable weight to an incorrect assessment of Bradford's own educational achievements. We reject these arguments. The record reflects the court gave proper consideration to these and other relevant factors, see 18 U.S.C. § 3553(a); see also United States v. Fields, 512 F.3d 1009, 1013 (8th Cir. 2008), and we find no abuse of discretion, see Gall v. United States, 128 S. Ct. 586, 597 (2007) (stating the appellate standard of review for a sentence); see also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (approving the appellate presumption of reasonableness for a within-Guidelines-range sentence); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (explaining the circumstances constituting an abuse of discretion).

Accordingly, we affirm.

_____

[2]We decline to consider Bradford's pro se brief, see United States v. Clark, 409 F.3d 1039, 1041 n.2 (8th Cir. 2005), and we deny her pending motion for appointment of new counsel.