**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY MIMS,

Defendant-Appellant.

No. 00-6423
(D.C. No. 00-CR-87-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Anthony Mims pleaded guilty to two counts of intent to defraud in violation of 18 U.S.C. §§ 514(a)(1) and (2) for making and passing false and fictitious financial instruments. He was sentenced to forty-one months' imprisonment under the U.S. Sentencing Guidelines Manual (USSG). He appeals the four-level upward adjustment of his sentence for loss exceeding $20,000 under USSG § 2F1.1(b)(1), the two-level upward adjustment for more than minimal planning under USSG § 2F1.1(b)(2), and the district court's refusal to grant his request for a two-level downward adjustment under USSG § 3B1.2. We affirm.

The facts are set forth in the presentence report. Defendant and his three co-defendants, Mr. Jones, Ms. Lewkowsky, and Ms. Tolbert, traveled from Kansas to Oklahoma City and spent the night in adjacent hotel rooms. The next day, the defendant and the two women obtained false Oklahoma driver's licenses using false names and identification information. Then Jones drove them to a local bank where, using their false identification, they cashed counterfeit checks totaling $3,154.35. The check that defendant cashed was worth $954.00. Shortly thereafter, the four were pulled over for a traffic violation. The women consented to a search of their purses, in which police discovered the false identifications and sixteen additional counterfeit checks with a total face value of $18, 378.32. Several of these checks were made payable to the alias name that defendant used

to obtain a false driver's license. Police also discovered two laptop computers in the vehicle containing digital images of counterfeit checks. Police later discovered additional check counterfeiting equipment--namely, a word processor, a check program, and blank check stock--in one of the two adjacent hotel rooms in which the co-defendants had spent the night.

At sentencing, the district court added the actual loss of $3,154.35 to the intended loss of $18,378.32 to arrive at the conclusion that the total loss exceeded $20,000, thereby warranting a four-level increase to defendant's base offense level pursuant to USSG § 2F1.1(b)(1)(E). Defendant claims he should only be responsible for the $954 counterfeit check that he cashed, and should not be charged with the loss related to checks of the co-defendants that he did not cash or the uncashed counterfeit checks found in his co-defendants' purses. We reject defendant's contention.

USSG § 2F1.1, comment. (n.8), directs the sentencing court to use the method for valuation of loss prescribed under USSG § 2B1.1. Under USSG § 2B1.1, comment. (n.2), "'[l]oss' means the value of the property taken, damaged, or destroyed" and states, by way of example, that "[i]n the case of a theft of a check or money order, the loss is the loss that would have occurred if the check or money order had been cashed." Thus, under the plain language of

the sentencing guidelines, the loss for sentencing purposes is the total face value of all the counterfeit checks, regardless of whether they were cashed.

It was also proper under USSG § 1B1.3 to hold defendant accountable for the culpable conduct of the other co-defendants, even though he was not charged with conspiracy. *See* USSG § 1B1.3, comment. n. 2. Under USSG § 1B1.3, a district court must consider all relevant conduct and the scope of relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense of conviction." § 1B1.3(a)(1)(B); *United States v. Melton*, 131 F.3d 1400, 1403 (10th Cir. 1997).

Here, there was evidence that defendant left Kansas with the co-defendants for the purpose of cashing counterfeit checks in Oklahoma; he was present in the hotel room with the check counterfeiting equipment and supples; he was aware of the making of numerous counterfeit checks; and he executed the entire counterfeit check cashing scheme in Oklahoma City with the co-defendants. We agree with the district court that this evidence was sufficient to hold defendant accountable for the culpable conduct of the other co-defendants.

Defendant also argues that because he only cashed one counterfeit check, the evidence was insufficient to support the sentence enhancement imposed under § 2F1.1(b)(2) for more than minimal planning. Under USSG § 1B1.1, comment.

(n.1 (f)), more than minimal planning occurs if the offense involved "more planning than is typical for commission of the offense in a simple form." As noted, defendant drove from Kansas to Oklahoma City with the co-defendants for the purpose of cashing counterfeit checks; he was aware of the elaborate counterfeit check-making equipment used by the co-defendants; he was successful in obtaining a false driver's license under a false name; counterfeit checks were made payable to his alias; he cashed counterfeit checks with these co-defendants; and there were numerous additional counterfeit checks made out to defendant's alias name, ready to be cashed in Oklahoma. The district court's finding that defendant's participation in the check counterfeiting scheme involved more than minimal planning was not clearly erroneous.

Finally, defendant contends that he should have received a two-level downward adjustment under § 3B1.2. Subsection 3B1.2(b) permits a two-level reduction if the defendant acted as a "minor participant" in the offense. Defendant contends he was just a minor participant and was less culpable than his co-defendants. He bases this on evidence that the three co-defendants were involved in counterfeiting activity in Colorado prior to coming to Kansas. However, defendant's participation in the counterfeiting scheme in Oklahoma was no less culpable than his co-defendants: they were all involved in obtaining the fraudulent identification and in cashing the counterfeit checks. Accordingly, the

district court did not clearly err in refusing to grant defendant a two-level reduction under § 3B1.2.

The defendant's sentence is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge