# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3828

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Derrick Ware, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: June 8, 2009
Filed: June 19, 2009

_____

Before COLLOTON, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.

Derrick Ware pleaded guilty to three counts of bank fraud in violation of 18 U.S.C. § 1344. After a contested sentencing hearing, the district court[1] determined that Ware's offenses resulted in pecuniary loss of greater than $30,000, which increased his offense level by 6. The district court then calculated Ware's total offense level as 17 and his criminal history category as V and sentenced Ware to 41 months' imprisonment, below the U.S. Sentencing Guidelines (Guidelines) range of

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

46-57 months. Ware's appeal raises only the district court's calculation of pecuniary loss. We affirm.

From about November 2006 to April 2007, Derrick Ware participated in a bank fraud scheme that involved manufacturing and cashing counterfeit payroll checks. During that period, nine checks totaling $27,745.52 were cashed. Three additional checks totaling $8,766.51 were prepared but not cashed. Ware was indicted on three counts of bank fraud in violation of 18 U.S.C. § 1344, relating to three checks that were actually cashed on January 18, 2007 and January 22, 2007. He pleaded guilty to the indictment. The terms of the plea agreement permitted Ware to argue that the pecuniary loss resulting from his offenses was less than $30,000 and permitted the government to argue that the loss was greater than $30,000. At sentencing, the court calculated the total loss by adding the face value of all of the checks, whether cashed or not, and found it to be greater than $30,000.

Ware contends that the district court erred by including both the $27,745.52 of actual loss and the $8,766.51 represented by the uncashed checks in her calculation of intended loss. We review the factual findings of the district court for clear error. See United States v. Fields, 512 F.3d 1009, 1011 (8th Cir. 2008). We review the district court's interpretation of the Guidelines, which includes "[d]etermination of the method for calculating a loss amount," de novo. United States v. Hartstein, 500 F.3d 790, 795 (8th Cir. 2007), cert. denied, 128 S.Ct. 939 (2008). United States Sentencing Guidelines § 2B1.1(b)(1) increases the base offense level by four if the loss was greater than $10,000 and by six if the loss was greater than $30,000. "[L]oss is the greater of actual loss or intended loss." USSG § 2B1.1(b)(1) cmt. (n.3(A)). Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." Id. at (n.3(A)(i)). Intended loss is "the pecuniary harm that was intended to result from the offense," even if that loss "would have been impossible or unlikely to occur." Id. at (n.3(A)(ii)).

Ware's argument assumes that actual and intended loss are mutually exclusive categories and that it was legal error to include the cashed checks, which represent actual loss, in a calculation of intended loss. Relying heavily on United States v. Dolan, 120 F.3d 856, 870 (8th Cir. 1997), Ware argues that actual loss must be omitted from the intended loss figure.[2] However, nothing in Dolan suggests that the district court omitted the amount of actual loss from the intended loss calculation. In fact, a review of the court's method reveals the opposite.[3] Dolan instructs that the focus of the loss calculation "should be on the amount of possible loss the defendant intended to inflict on the victim." Id. (internal citation omitted).

Further, the district court's interpretation is supported by the plain language of § 2B1.1. There is nothing in the word "intended" or in the application notes that suggests that completed intentional losses should not be included. We are persuaded by the district court's analysis that intended loss includes both "the checks that were actually negotiated and . . . the checks that were not negotiated and for which money was not received but checks that the defendant and the co-conspirators intended to cash and get money for."[4] We conclude that the district court did not err when it included the value of the cashed and uncashed checks in its calculation of intended loss. The face value of all of the checks together, in this case, $36,512.04, represents the "maximum potential loss" to the victims. Thus, the district court did not err in

---

[2]Dolan dealt with the application of USSG § 2F1.1, which was deleted by consolidation with § 2B1.1, effective November 1, 2001. Both Ware and the government agree that cases interpreting § 2F1.1 also control application of § 2B1.1.

[3]The district court in Dolan arrived at the intended loss figure "by beginning with the total liability set forth in [the] bankruptcy petition . . . and subtracting the amount of property included in the bankruptcy schedules . . . and the total amount paid or intended to be paid via settlements with creditors . . . ." 120 F.3d at 870-71. The amount of actual loss was not subtracted in this calculation.

[4]Ware does not dispute the district court's finding of fact that he intended to cash and get money for the uncashed checks.

finding that the loss was greater than $30,000.  See Dolan, 120 F.3d at 871; see also United States v. Himler, 355 F.3d 735, 741 (3d Cir. 2004) (total face value of counterfeit checks, including those already cashed, is sufficient evidence of intended loss); United States v. Mims, 13 Fed. Appx. 880, 882 (10th Cir. 2001) (unpublished) ("[T]he loss for sentencing purposes is the total face value of all the counterfeit checks, regardless of whether they were cashed.") (interpreting § 2F1.1).

For the foregoing reasons, the judgment of the district court is affirmed.

_____